**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| UNITED STATES of AMERICA, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:04-CV-0424-RWS |
| WILLIAM C. CAMPBELL, | : |
| Defendant. | : |

**ORDER**

Defendant, on January 10, 2006, filed a Motion to Exclude Testimony of the Government's Handwriting Examiner or, in the Alternative, for a <u>Daubert</u> Hearing (the "Motion"). After carefully considering the filing, Defendant's "Addendum" in support, and the Government's response, as well as hearing from the parties on this issue during proceedings held on January 19 and 20, 2006, the Court denies the Motion.

**Background**

On November 18, 2005, the Government notified Defendant that it

intended to call David S. Moore, a forensic document examiner, as an expert witness. To date, the Government has also provided Defendant with (i) Mr. Moore's qualifications, (ii) a written summary of his expected testimony, (iii) his report (the "Report"), (iv) a chart he plans to use to assist him in demonstrating his opinion that Defendant signed certain letter agreements, and (v) copies of the questioned documents and known samples of Defendant's signature that Mr. Moore relied on in reaching his conclusions.

Defendant, in a filing submitted one week before trial is set to begin, now moves to exclude the testimony of Mr. Moore. He argues that the Report fails to meet the requirements of Federal Rule of Criminal Procedure 16 and Federal Rules of Evidence 702 and 703, and fails to pass muster under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). After considering the evidence and Defendant's arguments, the Court finds his position unavailing.

## Discussion

**I.      Satisfaction of Rule 16**

Defendant first argues that the Government has failed to meet its obligations under Federal Rule of Criminal Procedure 16. That Rule provides, in pertinent part,

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial . . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

FED. R. CRIM. P. 16(a)(1)(G).

After reviewing the correspondence and other materials turned over to Defendant by the Government in this case, the Court finds no merit in Defendant's objection. The Government provided Defendant with a four-page summary of Mr. Moore's testimony, as well as Mr. Moore's twelve-page, single-spaced Report. It described Mr. Moore's considerable credentials, including his education and exhaustive professional training, and identified hundreds of cases in which he has previously participated as an expert in the

3

field of questioned document identification.  It also set out Mr. Moore's opinions regarded the writings at issue in this case, provided an overview of his processes, his reasoning, and the principles upon which he relied, and identified the documents he reviewed in reaching his conclusions.  While defense counsel have identified certain aspects of Mr. Moore's expected testimony with which they would appreciate a richer and more thorough explanation, Rule 16 does not mandate a comprehensive recitation of every nuance and detail that will make up an expert's testimony, or which may be drawn out on cross-examination.  Indeed, summaries with far less detail than that presented here have been held sufficient under the Rule.  See, e.g., United States v. Conroy, 424 F.3d 833, 838 (8th Cir. 2005) (summary of forensic expert's expected testimony that consisted of single sentence satisfied requirements of Rule 16); cf. also United States v. Jackson, 51 F.3d 646, 651 (7th Cir. 1995) (one paragraph summary held adequate, albeit "barely," in case in which police officers testified as to drug courier profile, where notice respecting bases of opinion consisted of statement that experts "base their testimony on their years of training and experience in the area of drug investigations"); United States v. Afrifa, No. 95-5753, 1996 WL 370180, at *2-*3 (4th Cir. July 3, 1996) (per curiam; unpublished opinion) (in

AO 72A
(Rev.8/82)

case involving handwriting expert, notice of testimony supplemented by two-page summary evening before trial sufficient).  The Court sees no reason to exclude Mr. Moore's testimony on this basis.

## II.     *Daubert* and the Federal Rules of Evidence

Defendant's next argument is that Mr. Moore's testimony fails to pass muster under the Federal Rules of Evidence as interpreted by Daubert and its progeny.  Again, the Court cannot agree.

Rule 702 compels the Court to perform a "gatekeeping" function concerning the admissibility of expert scientific evidence.  United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004).  In performing this task, the Court must consider whether the party offering the evidence has shown:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. (quoting City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998)).  With respect to the reliability of expert testimony, relevant

5

factors include "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." Id. at 1262 (quoting Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003)). "These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion." Id. The analysis, moreover, is equally applicable in the arena of "non-scientific, experience-based testimony" as it is in the context of more traditional, "scientific" disciplines. Id., see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999).

     Defendant, advancing his position that Mr. Moore's testimony does not meet the aforementioned standards, argues principally that the theories underlying handwriting analysis are not sufficiently reliable to satisfy Daubert. In support, he cites a number of district court decisions that cast doubt on some of the central tenets of handwriting analysis, in which courts have either disallowed handwriting experts to testify, or have precluded them from offering

6

an opinion that a specific individual authored a questioned writing. See, e.g., United States v. Lewis, 220 F. Supp. 2d 548 (S.D. W. Va. 2002) (disallowing testimony from handwriting examiner); United States v. Saelee, 162 F. Supp. 2d 1097 (D. Alaska 2001) (doing likewise); United States v. Fujii, 152 F. Supp. 2d 939 (N.D. Ill. 2000) (same); see also United States v. Hidalgo, 229 F. Supp. 2d 961 (D. Ariz. 2002) (permitting testimony from handwriting analyst, but disallowing analyst from testifying about authorship); United States v. Rutherford, 104 F. Supp. 2d 1190 (D. Neb. 2000) (same); United States v. Hines, 55 F. Supp. 2d 62 (D. Mass. 1999) (same).  He urges the Court to exclude the testimony, or to conduct a Daubert hearing to ascertain its admissibility.

The Court has considered the authorities cited by Defendant, and has reviewed the report of Professor Mark P. Denbeaux, which Defendant offers in support of his Motion.  It has also reviewed the materials submitted by the Government, and the decisions of the federal circuit courts, which, even following Daubert, have been unanimous in approving of the admission of testimony by experts in the field of questioned document identification.  See United States v. Paul, 175 F.3d 906, 909-11 (11th Cir. 1999) (rejecting argument

7

that expert's "handwriting analysis failed to meet the reliability requirements of Daubert" as "without merit[,]" and holding that district court did not abuse its discretion in permitting expert testimony as to authorship); see also United States v. Mornan, 413 F.3d 372, 380 (3d Cir. 2005) (explaining that "[t]his Court has previously held that handwriting analysis in general is sufficiently technical in nature to be the subject of expert testimony under Rule 702 and the standard articulated by the Supreme Court in Daubert[,]" Third Circuit found that it was not plain error for district court to admit testimony by handwriting expert) ; United States v. Crisp, 324 F.3d 261, 269-72 (4th Cir. 2003) (emphasizing that "handwriting comparison analysis has achieved widespread and lasting acceptance in the expert community[,]" Fourth Circuit rejected defendant's challenge that the reliability of such testimony was insufficient to satisfy Daubert); United States v. Mooney, 315 F.3d 54, 63 (1st Cir. 2002) (rejecting argument "that the field of handwriting analysis lacks sufficient standards and testing to verify that analysts can accurately and definitively identify the author of a questioned document" as one that "misunderstands Daubert to demand unassailable expert testimony"); United States v. Jolivet, 224 F.3d 902, 906 (8th Cir. 2000) (holding that "district court . . . committed no

8

abuse of discretion, much less plain error, in admitting" testimony of handwriting examiner); United States v. Jones, 107 F.3d 1147, 1160-61 (6th Cir. 1997) (holding that district court did not err in admitting testimony of handwriting analyst under Daubert, while emphasizing that its decision did not preclude defendant from nevertheless challenging the reliability of the evidence before the jury); United States v. Velasquez, 64 F.3d 844, 848-50 (3d Cir. 1995) (same).

Following its review, the Court finds the reliability of the handwriting analysis employed by Mr. Moore sufficiently reliable to pass muster under Daubert and the Federal Rules of Evidence, and remains unpersuaded that it should depart from the result reached by the Eleventh Circuit in Paul and its sister circuit courts of appeal.[1]  It likewise finds that a hearing on this matter would be unnecessary.

---

[1] Parenthetically, Magistrate Judge Susan S. Cole reached precisely the same conclusion less than two years ago in United States v. LeCroy, Criminal Action No. 2:02-CR-0038-RWS.  Defendant has directed the Court's attention to the Daubert motion and affidavits submitted in that case, incorporating them by reference into his brief.  The Government has done similarly, attaching Judge Cole's Report and Recommendation to their opposition.

For all the foregoing reasons, Defendant's Motion to Exclude Testimony of the Government's Handwriting Examiner or, in the Alternative, for a Daubert Hearing is **DENIED**.

**SO ORDERED** this   13th   day of February, 2006.


/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)