FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

MAR 16 2006

LUTHER D. THOMAS, Clerk
By: _____
     Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:04-CR-0424-RWS |
| WILLIAM C. CAMPBELL, | : |
| | : |
| Defendant. | : |

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING

This Court, on December 5, 2005, required the presence of over two hundred persons to complete questionnaires respecting their ability to serve as jurors in the above-styled case. At that time, it instructed the prospective jurors to avoid listening to, viewing, or reading any media reports about the case, and to refrain from discussing the matter with anyone.

Notwithstanding this direction, Mr. Thomas H. McAndrew (hereinafter, "Respondent") admitted to the Court during *voir dire* that, subsequent to and with knowledge of the Court's Order, he read an article in the newspaper about Defendant Campbell and his upcoming trial. Based on this admission, Respondent was not permitted to serve as a juror in this case. The trial that

followed lasted seven weeks, and sixteen other citizens were compelled to fulfill their civic duty to serve as finders of fact and to pass upon Defendant's innocence or guilt.

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). Respondent is hereby **ORDERED** to appear and show cause why he should not be held in contempt for his actions, and should not be required to make redress for the cost, burden, and inconvenience his conduct imposed upon the Court, the Government, and, in turn, the public. Cf. United States v. Bukowski, 435 F.2d 1094, 1098-99 & 1110 (7th Cir. 1970) (affirming conviction, but reducing sentence, of juror found to be in contempt for discussing and reading articles about subject-matter involved in case in violation of court order); In re Stoelting, 784 F. Supp. 886, 886-87 (S.D. Fla. 1992) (prospective juror held in contempt and required to pay fine for viewing story in news media about case and relating her opinion to another prospective juror); cf. also United States v. Dowell, 257 F.3d 694, 699-70 (7th Cir. 2001) (party held in civil contempt can be required to compensate the court and the government for losses incurred as a result of his misconduct).

2

Respondent, accompanied by counsel, if he desires to have an attorney present, is hereby **ORDERED** to appear before the Court for a hearing to be held on Thursday, the 23rd day of March, 2006, at 2:30 p.m. in Courtroom 2105, Richard B. Russell Federal Building, 2121 United States Courthouse, 75 Spring Street, SW, Atlanta, Georgia 30303.

**SO ORDERED** this 16th day of March, 2006.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)